# THE ATTORNEY GENERAL
## OF TEXAS
AUSTIN 11, TEXAS



GROVER SELLERS
~~XXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable R. G. Hughes
District Attorney
Fifty-First Judicial District
San Angelo, Texas

Dear Sir:

Opinion No. 0-6470
Re: Is Article 252, Penal Code, which applies to candidates for public office failing to file statement of expenses with the County Judge of his County valid?

We have given careful consideration to your letter of recent date in which you propound the question as stated above.

In the course of your letter you state that your opinion is that the statute is vague and indefinite, and therefore, is not valid and constitutional. You point out that there is no limit as to the time to be covered, and say: "hence would go back to the date of the candidate's birth, nor is there any limit or qualification upon the payments made or promised to be made as to purpose." You also state that there has never been a prosecution under this statute, and that so far as you know there has never been compliance with it.

You also ask whether the statute was repealed by implication by the enactment of the primary election laws.

It is true that there does not appear to have ever been a case before the appellate courts of this state construing said article. Lack of precedent, however, does not imply invalidity.

"Art. 252. (232) <u>Candidate failing to file statement</u>.

"Any candidate for any public office, whether elected or not, who fails to file with the county judge of his county within ten days after the date of a general election an itemized statement of all money or things of value paid or promised by him before or during his candidacy for such office, including his traveling expenses, hotel bills and money

paid to newspapers, and make an affidavit to the
correctness of such account, showing to whom paid
or promised, shall be fined not less than two hund-
red nor more than five hundred dollars."

The above statute applies to candidates for office at
the general election. The statement is required to be filed
within ten days after such "general election." The itemized
statement required is of "all money or things of value paid or
promised by him before or during his candidacy for such office,
including his traveling expenses, hotel bills, and money paid
to newspapers."

Your letter implies that you believe the phrase "be-
fore or during his candidacy" makes the statute indefinite and
uncertain to such an extent as to make it void. It is a well
known and elemental rule of statutory construction that if a
statute is susceptible to two constructions, one which vitalizes
it and the other renders it nugatory, that construction will be
adopted which will make it a valid enactment. We therefore
adopt the construction that the Legislature intended by the use
of the term "before * * * his candidacy" as meaning before the
person seeking the office becomes a formal candidate, either
through nomination by a primary, by petition (as a non-partisan
or independent candidate), or nomination by an executive com-
mittee of a party not required by the laws of Texas to conduct
a primary. These are all methods provided for by statutes in
getting one's name on the general election ticket as a candidate
for office. And the expenses listed would be those expenses
incurred in becoming a formally recognized candidate. The statute
lists as purposes for which the statement must include a showing
as to expenditures: "traveling expenses, hotel bills and money
paid to newspapers." Such language is certain, and not subject
to criticism for vagueness.

The statutes pertaining to the subject of limiting
expenditures in primary elections are contained in Chapter 8,
Title 6, Penal Code of Texas, Articles 262 to 269. The latter
statute prescribes a sworn statement for each candidate for
nomination in a primary election. A person nominated by a pri-
mary would be presumed to have followed this law, and we do not
believe he would be required to show expenses back of or beyond
the filing of the statements required in Article 269, in order
to effect compliance with Article 252.

Furthermore, it appears to us that if a candidate at
a general election had no expenses other than those reported by
him as having been spent in the primary (as is often the case in
Texas where the primary nominee is unopposed in the general
election), and if he made no expenditures during the period of

time between the primary and the general election, nor promised any money or things of value, it would be unnecessary to file the report contemplated by Article 252. Note the language of the statute: "itemized statement of all money or things of value paid or promised by him."

Your attention is invited to the provisions of Article 4399, Revised Civil Statutes of Texas. The above observations are made without the benefit of any fact situation of a pending case. Should you have such a pending case, upon your writing us the complete facts, we will endeavor to advise you further with reference to same, in compliance with said Article 4399. Suffice it to state here that we do not concur with you that Article 252 is either unconstitutional or invalid for reasons you suggested or for any other reason now apparent to us.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Benjamin Woodall
　　Benjamin Woodall
　　Assistant

BW:zd:wc

APPROVED MAR 20, 1945
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman